# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, § § § Plaintiff, § § vs. § § § STATE FARM MUTUAL § AUTOMOBILE INSURANCE § COMPANY, § § Defendant. § § | Case No. 2:15-cv-01182 **PATENT CASE** |

## MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS
## UNDER RULE 12(B)(6)

Under Federal Rule 12(b)(6), Defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves to dismiss certain claims of the Complaint of Plaintiff Symbology Innovations, LLC ("Symbology"). Symbology failed to allege sufficient facts to state claims of contributory infringement and inducement under the controlling standard. State Farm respectfully asks for dismissal of these claims without prejudice in order to narrow Symbology's case to the sole remaining claim of direct infringement.[1]

The Federal Circuit clearly explained the pleading requirement for indirect infringement in *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337, 1340 (Fed. Cir. 2012). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for

---

[1] Concurrent with and without prejudice to the present motion, State Farm will answer the allegations of the Complaint as they relate to direct infringement.

sale have no substantial non-infringing uses." *Id.* at 1337.  To state a claim for induced infringement, a plaintiff must, among other things, plead facts that allow an inference that the defendant "specifically intended [its] customers to infringe the [] patent and knew that the customer's acts constituted infringement." *Id.* at 1339.  "It is well-established that 'naked assertions devoid of 'further factual enhancement'' are insufficient to state a claim." *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, Case No. 6:12-CV-366 MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010)).

I. **SYMBOLOGY FAILED TO ALLEGE SUFFICIENT FACTS SUPPORTING A CLAIM OF CONTRIBUTORY INFRINGEMENT**

Symbology stated without support that "Defendant has infringed and continues to infringe [each patent-in-suit] either directly or indirectly through acts of contributory infringement . . . ."  Complaint, ¶¶ 13, 23, 33.  The Complaint offers only the following factual allegations specific to State Farm:

> 14. Defendant has made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR codes on a website in connection with advertising its Pocket Agent® app for mobile banking. A user scanning the QR code is provided with information concerning information about app and how to download it. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example. The use of QR codes in this manner infringes at least Claim 1 of the '752 Patent.

Complaint, ¶ 14, *accord* ¶¶ 24, 34.

In violation of the clear rule of *Bill of Lading*, Symbology failed to identify allegedly infringing components and fails to allege facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.  Even if the website and Pocket Agent® app were relevant components, Symbology has not identified them as infringing

components and has not alleged that they have no substantial non-infringing uses.  As a result, Symbology's claim of contributory infringement should be dismissed without prejudice.

## II. SYMBOLOGY FAILED TO ALLEGE SUFFICIENT FACTS SUPPORTING A CLAIM OF INDUCED INFRINGEMENT

Symbology stated without support that "Defendant has infringed and continues to infringe [each patent-in-suit] either directly or indirectly through acts of . . . inducement . . . ." Complaint, ¶¶ 13, 23, 33.  Again, in violation of the clear rule of *Bill of Lading*, Symbology failed to plead facts that allow an inference that State Farm specifically intended its customers to infringe the patent and knew that the customer's acts constituted infringement.  The Complaint offers only the following factual allegations specific to State Farm:

> 14. Defendant has made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR codes on a website in connection with advertising its Pocket Agent® app for mobile banking. A user scanning the QR code is provided with information concerning information about app and how to download it. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example. The use of QR codes in this manner infringes at least Claim 1 of the '752 Patent.

Complaint, ¶ 14, *accord* ¶¶ 24, 34.  Symbology alleges no facts about State Farm's knowledge or intent with regard to infringement by customers or other third parties.  As a result, Symbology's claim of induced infringement should be dismissed without prejudice.

## III. CONCLUSION

Symbology has failed to satisfy the pleading standard clearly articulated in *Bill of Lading* and should not be allowed to maintain its claims for contributory and induced infringement. State Farm respectfully requests dismissal without prejudice of those claims.

Dated:  October 28, 2015

Respectfully submitted,

SLAYDEN GRUBERT BEARD PLLC

By:   */s/ R.William Beard, Jr.*
R. William Beard, Jr. (SBN 00793318)
Email: wbeard@sgbfirm.com
Truman H. Fenton (SBN 24059742)
Email: tfenton@sgbfirm.com
Slayden Grubert Beard PLLC
823 Congress Avenue, Suite 525
Austin, TX  78701
Tel: 512-402-3550
Fax: 512-402-6865

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, a copy of the foregoing document was filed electronically using the court's Electronic Case Management System.  Notice of this filing will be sent electronically to counsel of record using the Court's electronic notification system.

*/s/ Truman H. Fenton*
Truman H. Fenton